IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| WESLEY WAYNE SCHAEFER | § § | |
| V. | § | A-16-CA-1273-SS |
| LORIE DAVIS | § § § | |

## ORDER ON REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

Before the Court in the above-styled and numbered cause is Petitioner's Petition For Writ of Habeas Corpus By a Person in State Custody. *See* 28 U.S.C. § 2254. Petitioner's petition was referred to the United States Magistrate Judge for findings and recommendations. *See* 28 U.S.C. § 636(b); Fed. R. Civ. P. 72; Loc. R. W. D. Tex. Appx. C. The Magistrate Judge recommended the denial of the petition and the denial of a certificate of appealability. Petitioner objects to the Report and Recommendation.

Specifically, Petitioner objects to the Magistrate Judge's use of the Texas Court of Appeals' factual background, asserting "[t]he Magistrate was duty bound to conduct his own factual background investigation instead of relying upon an unpublished opinion." (DE 18 at 2). This is a mis-statement of the federal law governing habeas relief. *See* 28 U.S.C. § 2254(e)(1) ("In a proceeding instituted by an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court, a determination of a factual issue made by a State court shall be presumed to be correct.").

1

Petitioner objects to the Magistrate's finding that Petitioner's guilty plea was knowing and voluntary, stating "a knowing and voluntary waiver of [rights] is not presumed from a silent record." (DE 18 at 4). The Magistrate Judge did acknowledge that no *formal* admonishment appeared in the record. (DE 13 at 10 ) ("However, there is no admonishment in the state court record with regard to Petitioner's guilty plea."). The Magistrate Judge found, however, that Petitioner had been fully informed and discussed with his counsel the range of punishment he faced as a result of pleading guilty, and Petitioner had knowledge of the rights he was waiving in pleading guilty. (DE 13 at 10-11).

A guilty plea is not knowing and voluntary if the defendant does not understand the consequences of entering the plea. *James v. Cain*, 56 F.3d 662, 666 (5th Cir. 1995). "Knowing the consequences of a guilty plea means only that the defendant knows "the maximum prison term and fine for the offense charged." *Ables v. Scott*, 73 F.3d 591, 592 n.2 (5th Cir. 1996) (internal quotations omitted). The Magistrate Judge found:

> The record in this matter further shows that, before jury voir dire and before the indictment was read, outside the presence of the voir dire panel, counsel and the court discussed Petitioner's potential guilty pleas to the charges. (DE 8-9 at 53). Then, still outside the presence of the venire panel, Petitioner was sworn for the purpose of averring that he had received and rejected a plea bargain. (DE 8-9 at 57). The plea bargain was for a sentence of 50 years' imprisonment on the charge of continuous sexual abuse and "open" on the other counts. *Id.* Accordingly, the record clearly establishes that Petitioner did discuss entering a guilty plea with his counsel, prior to rejecting a plea offer. And, at the close of the first day of trial, Petitioner was allowed to review the evidence against him with regard to all of the counts in the indictment and again discuss the entry of a guilty plea with his counsel – because this conversation was protected by the attorney-client privilege, it was not recorded.

(DE 13 at 10, *citing* DE 8-9 at 53, 169, 247-51).

2

The Magistrate Judge's findings were a correct application of federal law because the record in this matter establishes that Petitioner was aware of the consequences of pleading guilty to some of the charges against him, notwithstanding the absence of a formal admonishment in the record. *See Burton v. Terrell*, 576 F.3d 268, 271-72 (5th Cir. 2009); *Burdick v. Quarterman*, 504 F.3d 545, 547-48 (5th Cir. 2007).

Petitioner asserts he has a federal constitutional right to proper indictment by a grand jury. Although Petitioner's quotation of the Fifth Amendment to the United States Constitution is accurate, the federal courts have never found this right applies to a state defendant, as compared to a defendant in federal court answering to a charge of violating federal law.

> This court has held that [t]he sufficiency of a state indictment is not a matter of federal habeas relief unless it can be shown that the state indictment is so defective that it deprives the state court of jurisdiction." *McKay v. Collins*, 12 F.3d 66, 68 (5th Cir. 1994) (citation omitted)... That question is foreclosed to federal habeas review, however, if "the sufficiency of the [indictment] was squarely presented to the highest court of the state on appeal, and that court held that the trial court had jurisdiction over the case." *Millard v. Lynaugh*, 810 F.2d 1403, 1407 (5th Cir. 1987) (*quoting Liner v. Phelps*, 731 F.2d 1201, 1203 (5th Cir. 1984)). Here, the sufficiency of the indictment was squarely presented to the TCCA, which adopted the state habeas court's express findings that the indictment was not fundamentally defective and that even if the indictment failed to allege a necessary element, it was still an indictment under state law. Because the sufficiency of the indictment was squarely presented to the highest state court and that court held that the trial court had jurisdiction over this case, this claim is foreclosed to federal habeas review. *Millard*, 810 F.2d at 1407 (*quoting Liner*, 731 F.2d at 1203).

*Wood v. Quarterman*, 503 F.3d 408, 412 (5th Cir. 2007) (some internal citations omitted).

Petitioner alleges he was denied his right to due process of law because the State was allowed to constructively amend the indictment in a manner that lessened its burden of proof on the charge of continuous sexual abuse of a child. (DE 1 at 12). Petitioner's claim alleging a variance between

the indictment and the evidence was presented to and denied by the Texas Court of Criminal Appeals in his state habeas action. The Magistrate Judge concluded:

> There was no constructive amendment of the indictment in this matter, because Petitioner was not convicted upon a factual basis that effectively modified any essential element of the charged offense.
>> [T]he continuous sexual abuse statute sets forth various alternative means by which a defendant may commit a violation . . . an indictment must give the defendant notice of the means by which he is alleged to have committed the offense, i.e., it must describe the underlying acts of sexual abuse that are being used as predicate acts.
>
> *Holton v. State*, 487 S.W.3d 600, 609 (Tex. App.–El Paso 2015, no pet.).

(DE 13 at 16).

The Magistrate Judge further found:

> The evidence was sufficient for the jury to find, in accordance with the charge, that Petitioner had, on one occasion, induced a child to engage in lewd exhibition of the genitals and on two occasions either lewd exhibition of the genitals or masturbation. The charged offense was continuous sexual abuse of a child by the manner and means of sexual performance of a child. Accordingly, Petitioner was not convicted of a charge not brought by the grand jury.
>
> The charge to the jury was not a constructive amendment of the indictment, and did not lessen the State's burden of proof. Petitioner had adequate notice of the charges against him and his counsel thoroughly argued the issue of "inducement," and whether the videos and photos depicted masturbation or lewd exhibition of the genitals. The jury instructions did not alter any element of the crime of continuous sexual abuse of a child or change the theory of the prosecution.

*Id.* The Magistrate Judge applied the correct law after a thorough review of the record, and did not err in concluding that Petitioner's claim of infirmity in his indictment did not warrant federal habeas relief.

Petitioner contends his right to be free of double jeopardy was violated because he was convicted of both continuous sexual abuse of a child and the lesser-included offense of possession of child pornography. The case cited by Petitioner, *Carmichael v. State*, 505 S.W. 3d 95 (Tex.

4

App.–San Antonio 2016, pet. ref'd), finding the defendant's double jeopardy rights were violated, is not similar to Petitioner's case. In *Carmichael* the defendant was convicted of both continual sexual abuse of a child and aggravated sexual assault of a child; the court found the defendant's double jeopardy rights were violated because both counts involved the same child complainant and the event giving rise to the conviction for aggravated sexual assault occurred during the time period of the continuous sexual abuse charge. *Id.* at 101. Petitioner's convictions for possession of child pornography involved distinct images of children other than the complainant in the continuous sexual assault charge, and the continuous sexual assault charge involved acts other than the acts alleged in the counts of possession of child pornography. Accordingly, the Magistrate Judge's determination was not in error.

Petitioner asserts his ineffective assistance of counsel claims were improperly decided by the Magistrate Judge. Petitioner reiterates his counsel failed to adequately admonish him regarding his guilty pleas to the 127 counts of possession of child pornography. Having thoroughly reviewed the record in this matter and as noted previously, the Court concludes Petitioner was advised, both by counsel and the trial court, of the potential punishment he faced if he pleaded guilty to these charges. Additionally, the record in this matter indicates the State was prepared to introduce solid evidence in support of these charges and, accordingly, Petitioner did not suffer any prejudice by pleading guilty on these counts rather than proceeding to trial and being found guilty on these charges.

Petitioner also argues the Magistrate Judge improperly assumed counsel's failure to seek a lesser-included offense instruction was a strategic decision. This Court does not undertake de novo review of the state court's denial of a claim on the merits. The Magistrate Judge afforded the state court's denial of this claim proper deference, as the state court's finding that counsel made a strategic

decision in this particular context was not unreasonable. *See Woods v. Allen*, 558 U.S. 290, 302 (2010).

Petitioner contends the Magistrate Judge erred in recommending denial of his claim that his federal constitutional rights were violated because the state statute governing continuous sexual abuse of a child allows a conviction on less than a unanimous verdict. Petitioner correctly criticizes the Magistrate Judge for stating the United States Supreme Court's denial of a writ of certiorari can be viewed as an affirmation of the merits of an underlying decision. However, the Magistrate Judge's conclusion is otherwise not erroneous. Petitioner's argument that his right to due process requires jury unanimity was rejected by the United States Supreme Court in *Johnson v. Louisiana*, 406 U.S. 356, 359 (1972) ("We note at the outset that this Court has never held jury unanimity to be a requisite of due process of law.").

In his habeas petition Petitioner claims he was denied his right to the effective assistance of counsel because counsel failed to object to the jury charge that incorrectly stated Petitioner had been formally admonished before pleading guilty. The Magistrate Judge recommended denial of this claim, finding any alleged deficient performance was not prejudicial because, even absent a formal admonishment, Petitioner was properly advised of the consequences of pleading guilty to the 127 charges of possession of child pornography. Petitioner objects to the Magistrate Judge's conclusion and seeks an evidentiary hearing "to discover the nature of the conversations between counsel and the Petitioner." (DE 18 at 15).

The Court finds Petitioner is not entitled to relief on this claim. Even if the trial court did not properly admonish Petitioner on the record, and even if the privileged conversation between Petitioner and counsel about a potential guilty plea is not taken into consideration, Petitioner was not prejudiced by counsel's failure to object. Counsel's failure to object to the court's statement violated Petitioner's right to the effective assistance of counsel only if the failure was prejudicial to the outcome in this matter. There is no reasonable probability that, but for the court's statement to the jury that Petitioner had been admonished regarding the counts of child pornography, the jury would not have found Petitioner guilty on the charge of continuous sexual assault of a child.

Petitioner asserts the Magistrate Judge concluded the prosecution's comments in closing argument were undesirable or worthy of rebuke and, therefore, that the Magistrate Judge's conclusion that the comments did not violate his right to due process was "inconsistent." Petitioner misconstrues the Magistrate Judge's finding on this claim. The Magistrate Judge determined:

> Having reviewed the entire record in this matter, the undersigned concludes that the prosecutor's remarks were not persistent and pronounced, nor was the evidence of guilt so insubstantial that the conviction would not have occurred but for the challenged statements. It cannot be said that these remarks were "a crucial, critical, highly significant factor upon which the jury based its verdict of guilty." [*Harris v. Cockrell*, 313 F.3d 238, 245 (5th Cir. 2002)] (internal quotations omitted). Nor were the prosecutor's challenged remarks "egregious," even though they *may* have been undesirable or worthy of rebuke. Accordingly, the state court's decision denying relief on this claim was not clearly contrary to or an unreasonable application of federal law.

(DE 13 at 26) (emphasis added). The Magistrate Judge applied the correct law, requiring the comments to be *beyond* undesirable or worthy of rebuke, i.e., egregious and a crucial, critical, highly significant fact upon which the jury based its verdict of guilty, to warrant relief. Therefore, this claim of error fails.

Petitioner contends the Magistrate Judge erred by making only a "bald conclusion" that he was not denied his right to the effective assistance of appellate counsel. (DE 18 at 16). Petitioner argues: "The grounds on appeal were substantially weaker than the issues before the Court today, and though appellate counsel may have presented issues of merit, he failed to adequately master the trial record and thoroughly research the law in the instant case prior to advancing the appeal in the instant case." (DE 18 at 17).

To establish ineffective assistance of appellate counsel, a petitioner must show "a particular nonfrivolous issue was clearly stronger than issues counsel did present." *Smith v. Robbins*, 528 U.S. 259, 288 (2000). To establish prejudice from appellate counsel's alleged deficient performance, a petitioner must show a reasonable probability that, but for his counsel's unreasonable failure to assert a particular claim on appeal, he would have prevailed in the appeal. *Id.* at 286. On appeal, counsel asserted the evidence was insufficient to support Petitioner's conviction for continuous sexual abuse of a child and the trial court's cumulation order was insufficient to allow for consecutive sentences. (DE 8-17). Petitioner asserts appellate counsel's performance was deficient because counsel did not challenge: (1) the constructive amendment of the indictment; (2) whether his guilty pleas were unknowing and involuntary; and (3) whether his convictions violated his right to be free of double jeopardy. (DE 1 at 22). The Court's review of appellate counsel's brief and the record in this matter indicate counsel possessed sufficient knowledge of the trial record and the relevant law. Additionally, none of the issues presented by Petitioner were more likely to prevail on appeal than the issues raised by appellate counsel and, therefore, counsel's failure to assert these claims was not prejudicial. Accordingly, the state court's determination that appellate counsel was not ineffective

was not an unreasonable application of *Strickland* and the Magistrate Judge did not err in recommending denial of this claim.

Petitioner asserts there was insufficient evidence to sustain his conviction. Petitioner contends:

> Arguendo, there is an element of inducement in the instant case, [but] the State failed to demonstrate that the events were 30 days or more in duration in the instant case, in relation to the Continuous Sexual Abuse charge. The Petitioner thus objects to the Magistrate Report and Recommendation in the instant case.

(DE 18 at 17).

Petitioner asserted in his appeal that there was insufficient evidence to sustain his conviction because there was insufficient evidence of inducement, and the Texas Court of Appeals concluded the evidence was sufficient to find Petitioner guilty as charged. The Magistrate Judge concluded: "The Texas Court of Appeals thoroughly examined the evidence presented at Petitioner's trial and concluded a rational trier of fact could have found Petitioner guilty of continuous sexual abuse of a child." The Magistrate Judge found the state court's decision was not clearly contrary to or an unreasonable application of *Jackson v. Virginia*, 443 U.S. 307 (1979). The trial court record in this matter shows testimony that the sexual abuse occurred from late 2008 through late 2009, a period of more than one month. (DE 8-10 at 67). The mother of one of the victims testified Petitioner admitted "[h]e knew he needed help." (DE 8-10 at 54-55). The Court finds there was sufficient evidence to find Petitioner guilty as charged and the Magistrate Judge's recommendation in this regard was not in error.

9

Finally, Petitioner alleges the state court improperly stacked his sentences, but he does not assign any error to the Magistrate Judge's Report and Recommendation regarding this claim. Petitioner raised this issue in his appeal, and the Texas Court of Appeals denied relief, finding the imposition of sentence complied with state law. *Schaefer v. State*, No. 03-11-00345-CR, 2014 WL 3410589, at *6 (Tex. App.–Austin 2014, pet. ref'd).

The Magistrate Judge determined:

> It is axiomatic that federal habeas corpus relief does not lie for errors of state law, including state law governing the imposition of a criminal sentence. *Wilson v. Corcoran*, 562 U.S. 1, 4-5 (2010); *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). Claims arising from a state sentencing decision are not cognizable under § 2254 unless the sentence imposed exceeds the statutory limits or is "wholly unauthorized by law." *Haynes v. Butler*, 825 F.2d 921, 924 (5th Cir. 1987). Because federal courts do not review a state's failure to adhere to its own sentencing procedures, Petitioner's claim with regard to the stacking of his sentences does not present a possible basis for habeas corpus relief. *Jones v. Estelle*, 622 F.2d 124, 126 (5th Cir. 1980); *Nichols v. Estelle*, 556 F.2d 1330, 1331 (5th Cir. 1977).

(DE 13 at 29).

The Magistrate Judge properly applied the controlling federal law to this claim.

In light of Petitioner's objections to the Report and Recommendation, the Court has undertaken a *de novo* review of the entire case file in this action and finds and concludes that the Report and Recommendation of the United States Magistrate Judge is correct and should be accepted and adopted by the Court for substantially the reasons stated therein.

**IT IS ORDERED** that the Petitioner's Objections are **OVERRULED**.

**IT IS FURTHER ORDERED** that the Report and Recommendation of the United States Magistrate Judge filed in this action is hereby **ACCEPTED AND ADOPTED.**

**IT IS FURTHER ORDERED** that Petitioner's Petition For Writ of Habeas Corpus By a Person in State Custody is **DENIED**.

**IT IS FINALLY ORDERED** that a Certificate of Appealability is **DENIED**.

**SIGNED** this 25th day of August 2017.

*/s/ Sam Sparks*
SAM SPARKS
UNITED STATES DISTRICT JUDGE